NITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher Dean Johnson, #343032, | ) | C/A No.: 5:15-cv-01232-MBS-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| RH Mauney, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Background Facts:

Petitioner, proceeding pro se and *in forma pauperis*, brought a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. On October 4, 2010, Petitioner pleaded guilty to two counts of trafficking in crack cocaine, and one count of trafficking in cocaine. ECF No. 1 at 1. Petitioner was sentenced to concurrent terms of 15 years for trafficking in cocaine and 10 years for trafficking in crack cocaine. *Id.* Petitioner did not appeal his convictions or sentence. *Id.* at 2. This matter is before the court on a Petition for Writ of Habeas Corpus filed by Petitioner on March 17, 2015. ECF No. 1. In his pro se Petition, Petitioner raises allegations of ineffective assistance of counsel, lack of evidence, involuntary guilty plea, and *Brady* violation and due process violation of the Fourteenth Amendment. *Id.* at 6, 8-9, 11. Petitioner also alleges as "newly discovered evidence" his counsel's ineffectiveness for failure to challenge the veracity of the warrant affidavit. *Id.* at 12.

Current Juncture of Case:

On July 27, 2015, Respondent filed a Return and a Motion for Summary Judgment. ECF Nos. 20, 21. As Petitioner is proceeding pro se, the court entered an order on July 28, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of

the importance of such motions and of the need for him to file an adequate response. ECF No. 22.[1] Petitioner was specifically advised that if he failed to respond adequately, Respondent's Motion may be granted, thereby ending Petitioner's case. The court instructed Petitioner to file a response no later than August 31, 2015. *Id.* Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* order, Petitioner failed to respond to Respondent's Motion for Summary Judgment.

On September 16, 2015, the court ordered Petitioner to advise the court whether he wished to continue with the case and to file a response to the Motion for Summary Judgment by October 16, 2015. ECF No. 26. Petitioner filed no response. As such, it appears to the court that he does not oppose Respondent's Motion and wishes to abandon this action. Based on the foregoing, the undersigned recommends Petitioner's action be dismissed with prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (noting that a court deciding whether to dismiss a case under Fed. R. Civ. P. 41(b) must balance the policy of deciding cases on their merits against "sound judicial administration." In so doing, the court must weigh: 1) plaintiff's responsibility for failure to prosecute, 2) prejudice to defendant from delay, 3) history of delay, and 4) effectiveness of lesser sanctions.); *see also Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (noting and applying *Davis* factors in dismissing case under Fed. R. Civ. P. 41(b)); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (same). Based upon the above, and taking into account the factors in *Davis*, *Ballard*, and *Chandler*, the undersigned recommends this

---

[1] Petitioner was confined in Livesay Correctional Institution when he filed his habeas Petition, but upon noting that the Motion for Summary Judgment was served on Petitioner at Tyger River Correctional Institution, the *Roseboro* order and an address update form were sent to Petitioner at both Livesay and Tyger River. ECF No. 24. The second *Roseboro* order was also sent to both locations. ECF Nos. 27-28.

action be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). If the court accepts this recommendation, Respondent's Motion for Summary Judgment, ECF No. 21, will be moot.[2]

IT IS SO RECOMMENDED.

October 29, 2015　　　　　　　　　　　　　　　　　　　　　Kaymani D. West
Florence, South Carolina　　　　　　　　　　　　　　　　　United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[2] *Cf. Williams v. Griffin*, 952 F.2d 820 (4th Cir. 1991) (reversing and remanding district court's grant of summary judgment in 42 U.S.C. § 1983 alleged prison-overcrowding context that had been based on plaintiff's failure to respond to the motion, finding plaintiff's allegations in his verified complaint that set forth specific, admissible facts that were based on his personal knowledge were to be considered the "equivalent of an opposing affidavit for summary judgment purposes").