IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Dean Johnson, #343032, )<br>)   C/A No. 5:15-1232-MBS<br>             Petitioner,     )<br>)<br>vs.                                    )<br>)          **O R D E R**<br>RH Mauney, Warden,         )<br>)<br>             Respondent.     )<br>_____) | |

     Petitioner Christopher Dean Johnson is an inmate in custody of the South Carolina Department of Corrections (SCDC). Petitioner, proceeding pro se and in forma pauperis, seeks a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner contends that he received ineffective assistance of counsel (Grounds One and Five); that there was insufficient evidence to support the charges to which he pleaded guilty (Ground Two); that his plea was involuntary (Ground Three); and that the prosecutor improperly withheld evidence regarding a tracking device placed on Petitioner's vehicle (Ground Four). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Kaymani D. West for pretrial handling.

     On July 27, 2015, Respondent filed a motion for summary judgment. By order filed July 28, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge advised Petitioner of the summary judgment procedures and the possible consequences if he failed to respond adequately. Petitioner filed no response to the motion for summary judgment. On September 16, 2015, the Magistrate Judge issued an order directing Petitioner to advise the court as to whether he wished to continue the case. Petitioner was advised that if he failed to respond to the September 16, 2015, order, the within § 2254 petition could be subject to dismissal with prejudice for failure to

prosecute.  See Fed. R. Civ. P. 41(b).  Petitioner filed no response to the Magistrate Judge's September 16, 2015, order.  On October 29, 2015, the Magistrate Judge issued a Report and Recommendation in which she recommended that the within action be dismissed with prejudice for failure to prosecute.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.  Id.

On November 12, 2015, Petitioner filed a motion to dismiss.  Petitioner indicates he "was in lock up for the last two months and I no longer have anyone to help me with my legal work."  ECF No. 32.  The court construes Petitioner's motion as a motion to dismiss pursuant to Fed. R. Civ. P. 41(a)(2), which provides that, with exceptions not applicable here, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  A dismissal under Rule 41(a)(2) typically is without prejudice.  Id.  Respondent filed no response in opposition to Petitioner's motion to dismiss.

Petitioner's motion to dismiss (ECF No. 32) is **granted**, without prejudice.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
December 2, 2015